United States District Court
Northern District of California

1
2
3
4   UNITED STATES DISTRICT COURT
5   NORTHERN DISTRICT OF CALIFORNIA
6
7   DERRICK J. SIMS,                             Case No. 19-cv-05445-SI
8          Plaintiff,
                                                 **ORDER**
9       v.
                                                 Re: Dkt. Nos. 24, 28, 30
10   RALPH DIAZ, et al.,
11          Defendants.
12
13       Plaintiff has filed a second request that counsel be appointed to represent him in this action.
14   Docket No. 24.  A district court has the discretion under 28 U.S.C. § 1915(e)(1) to designate counsel
15   to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789
16   F.2d 1328, 1331 (9th Cir. 1986).  This requires an evaluation of both the likelihood of success on
17   the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of
18   the legal issues involved. *See id.*  Neither of these factors is dispositive and both must be viewed
19   together before deciding on a request for counsel under § 1915(e)(1).  Here, exceptional
20   circumstances requiring the appointment of counsel are not present.  There does not appear to be a
21   likelihood of success on the merits; plaintiff was able to adequately articulate his claims *pro se*; and
22   plaintiff's claims do not appear to be particularly complex.  The court also notes that plaintiff already
23   has propounded discovery requests, moved to compel discovery responses, moved for
24   reconsideration of an order, and moved to compel an answer to his amended complaint – all of
25   which suggest he is able to litigate effectively on his own behalf.  The second request for
26   appointment of counsel therefore is DENIED.  Docket No. 24.
27
28

1   Plaintiff's motion to compel defendants to file an answer or reply to his amended complaint is DISMISSED as moot.  Docket No. 28.  After plaintiff filed his motion, the defendants who have been served filed an answer to the amended complaint (Docket No. 31).

Defendants have filed an *ex parte* request for an extension of the deadline to file a dispositive motion.  Upon due consideration of the request and the accompanying declaration of attorney Anthony Tartaglio, the court GRANTS the request.  Docket No. 30.  The court now sets the following new briefing schedule for dispositive motions:  Defendants must file and serve their dispositive motion no later than **July 17, 2020**.  Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **August 28, 2020**.  Defendants must file and serve their reply brief (if any) no later than **September 18, 2020.**

Finally, the Marshal was unable to serve process on defendants E. Gaona and B. Golden.  Court staff made inquiries and learned from the litigation coordinator at Pelican Bay that Gaona may work for "CalVet."  No later than **June 22, 2020,** plaintiff must provide an address for "CalVet" or provide another address at which service of process may be attempted on Gaona.  The litigation coordinator at Pelican Bay also reported there is no employee named B. Golden at the prison.  No later than **June 22, 2020,** plaintiff must provide an address at which to serve defendant B. Golden.  Each of these defendants will be dismissed from this action if plaintiff does not provide an address for service by the deadline or if the defendant cannot be served with the information plaintiff does provide.

**IT IS SO ORDERED**.

Dated: May 6, 2020

SUSAN ILLSTON
United States District Judge