UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK J. SIMS,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | Case No. 19-cv-05445-SI<br><br>**ORDER FURTHER EXTENDING DEADLINES**<br><br>Re: Dkt. Nos. 39, 40 |

Defendants have filed an *ex parte* request for a further extension of the deadline to file a dispositive motion. Upon due consideration of the request and the accompanying declaration of attorney Anthony Tartaglio, the court GRANTS the request. Docket No. 39. The court now sets the following new briefing schedule for dispositive motions: Defendants must file and serve their dispositive motion no later than **October 16, 2020**. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **November 27, 2020**. Defendants must file and serve their reply brief (if any) no later than **December 24, 2020.**

Plaintiff filed an "opposition" to a defense declaration asserting privilege. Docket No. 40. As the court explained in an earlier order, plaintiff may file a motion to compel if he has a discovery dispute with defendants that he is unable to resolve through the meet-and-confer process. *See* Docket No. 25. The "opposition" that plaintiff filed is not a motion to compel.

If plaintiff wants to obtain discovery, he must comply with the discovery rules in Federal Rules of Civil Procedure 26-37. The court generally is not involved in the discovery process and becomes involved only when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. *See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not

be filed" with the court until they are used in the proceeding or the court orders otherwise). If the parties have a discovery dispute that they cannot resolve themselves, then the parties may ask the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery and therefore requires that the parties raise only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a); N. D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good-faith effort to meet and confer before seeking court intervention in any discovery dispute. Finally, due to the Covid-19 pandemic, a party is expected to allow 21 days to receive a response to any meet-and-confer letter before taking his/her next action. Patience is expected of the parties, given the current difficulties in processing mail and other documents, and the court will be most unreceptive to premature filings.

**IT IS SO ORDERED**.

Dated: July 24, 2020

_____
SUSAN ILLSTON
United States District Judge