UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK J. SIMS,<br><br>    Plaintiff,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | Case No. 19-cv-05445-SI<br><br>**ORDER SETTING NEW DEADLINES, DENYING REQUEST FOR COUNSEL, AND DISMISSING DEFENDANT GAONA**<br><br>Re: Dkt. Nos. 47, 49 |

Plaintiff has requested a 60-day extension of the deadline to file his opposition to defendants' motion for summary judgment. Upon due consideration, the request is GRANTED. Docket No. 47. The court now sets the following new briefing schedule on defendants' motion for summary judgment: Plaintiff must file and serve his opposition no later than **February 26, 2021**. Defendants must file and serve their reply, if any, no later than **March 19, 2021.** No further extensions of these deadlines should be expected.

Plaintiff's request for an extension of the deadline indicates that one reason he needs additional time to prepare his opposition is the very limited law library access in prison. One way to address at least part of the problem is to provide him with the legal authorities cited by defendants so that he need not use his limited law library access to obtain and read those cases. No later than **November 25, 2021**, defendants must send to plaintiff a copy of each case, statute, and rule cited in their memorandum of points and authorities in support of the motion for summary judgment.

Plaintiff has filed a third request that counsel be appointed to represent him in this action. Docket No. 49. A district court has the discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on

the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not present. There does not appear to be a likelihood of success on the merits; plaintiff was able to adequately articulate his claims *pro se*; and plaintiff's claims do not appear to be particularly complex. The court also notes that plaintiff already has propounded discovery requests, moved to compel discovery responses, moved for reconsideration of an order, and moved to compel an answer to his amended complaint – all of which suggest he is able to litigate effectively on his own behalf. The third request for appointment of counsel therefore is DENIED. Docket No. 49.

Finally, unserved defendant Gaona will be dismissed. In a May 6, 2020 order, the court explained that the Marshal was unable to serve process on defendants Golden and Gaona, and ordered plaintiff to provide information needed for service of process. The court warned plaintiff that each of these defendants would be dismissed "if plaintiff does not provide an address for service by the deadline or if the defendant cannot be served with the information plaintiff does provide." Docket No. 33. Plaintiff provided an address at which to attempt to serve defendant Gaona but did not provide any information to enable service of process on defendant Golden. The court dismissed Golden and ordered the Marshal to attempt service on Gaona at the address provided by plaintiff. Docket No. 36. The Marshal returned the summons unexecuted on August 21, 2020, reporting that he was unable to locate Gaona at the address provided. *See* Docket No. 45. Because Gaona could not be served with process with the information provided by plaintiff, defendant Gaona is dismissed from this action without prejudice to plaintiff filing a new action against Gaona if he ever locates that defendant. *See* Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED**.

Dated: November 10, 2020

_____
SUSAN ILLSTON
United States District Judge